**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

DELROY A. CHAMBERS, JR.,

        Plaintiff,
vs.                                  Case No. 0:20-cv-62638-DPG

WHIDDON AND COMPANY, INC.,
doing business as BETTER HOMES AND
GARDENS REAL ESTATE FLORIDA 1ST,

        Defendant.
_____/

**DEFENDANT, WHIDDON AND COMPANY, INC.'S**
**MOTION TO DISMISS AND MEMORANDUM OF LAW**

Defendant, WHIDDON AND COMPANY, INC., d/b/a BETTER HOMES AND GARDENS REAL ESTATE FLORIDA 1ST, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court to dismiss Plaintiff DELROY A. CHAMBERS, JR.'s Complaint and states as follows:

1. Plaintiff filed a one-count Complaint against Defendant for violation of the Fair Housing Act.

2. Plaintiff, a Black fair housing tester, inquired with Defendant's employee, Marina Tieppo Amaral, about the rental of certain property. Compl. ¶¶11-12. The advertisement for the property stated "no criminal records" as a requirement for tenancy. Compl. ¶10.

3. Plaintiff asked Defendant for additional details about the "no criminal records policy." Defendant confirmed that a potential tenant would be automatically

denied if they had a criminal record. Defendant told Plaintiff that this was a requirement of the property's ownership association. Compl. ¶14.

4. Defendant advised Plaintiff that he would be denied rental of the property based on his criminal record. Compl. ¶15.

5. Based on this exchange, Plaintiff ceased negotiating with Defendant regarding the property. Compl. ¶16. This lawsuit followed.

6. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted and must therefore be dismissed under Rule 12(b)(6).

## MEMORANDUM OF LAW

### I. Standard of Review

When deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). A claim is facially plausible when the Court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). When factual allegations are well-pleaded, the Court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Iqbal*, 556 U.S. at 679.

## II. Legal Argument

The Fair Housing Act makes it unlawful for any housing provider to "refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). A violation of section 3604(a) can be established by a showing of either discriminatory intent (sometimes called "disparate treatment") or discriminatory impact (sometimes called "disparate impact"). *See Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights*, 558 F.2d 1283, 1290 (7th Cir. 1977). Plaintiff cannot meet the standard under either claim, and therefore the Complaint must be dismissed.

### A. *Discriminatory Intent*

A prima facie claim of "disparate treatment" or "discriminatory intent" under the Fair Housing Act can be established "by showing that animus against the protected group was a significant factor in the position taken by the … decision-makers themselves or by those to whom the decision-makers were knowingly responsive." *Fortune Soc'y v. Sandcastle Towers Hous. Dev. Fund Corp.*, 388 F.Supp.3d 145, 177 (E.D.N.Y. 2019).

In the Complaint, Plaintiff does not state any facts supporting a conclusion that the result of his one encounter with Defendant was motivated by anything other than the criminal record he disclosed. Significantly, "criminal record" is not a characteristic or class of persons protected by the Fair Housing Act. *See Talley v. Lane,* 13 F.3d 1031, 1034 (7th Cir. 1994). Absent evidence that consideration of a criminal record is used as a "pretext" for unlawful discrimination, no discriminatory "purpose" in violation of the Fair Housing Act is shown. *See U.S. v. Collier*, 2010 WL 3881381 at *10 (W.D. La. Sept. 28, 2019).

Facts supporting a claim of pretext might be, for example, allegations that a particular screening criterion is applied only to some applicants and not others, or that a deviation from a usual and customary practice correlates to a protected characteristic. *See id*.

The only alleged discriminatory act on the part of Defendant is a single interaction. The Complaint includes no facts alleging that housing applicants not of Black race are not subject to the same criminal history screening criteria to which Plaintiff was. The Complaint also includes no facts alleging that any applicants from outside the claimed protected class are not "automatically denied" for any felony criminal conviction. Absent the allegation of any facially plausible facts that application of criminal history screening is a mere pretext for discrimination because of a protective characteristic, Plaintiff has not stated even a prima facie case of discriminatory treatment under the Fair Housing Act. No reasonable finder of fact could credibly conclude that Defendant's alleged response to Plaintiff's inquiry was motivated by anything other than Plaintiff's disclosure that he had a criminal record. Plaintiff's claim of unlawful or intentional discrimination (or unlawful disparate treatment) under the Fair Housing Act must be dismissed under Rule 12(b)(6).

### B. Disparate Impact

Alternatively, a facially neutral practice or policy can be challenged under the Fair Housing Act as having an unlawful "disparate impact," or discriminatory impact, because it "makes housing options significantly more restrictive for members of a protected group than for persons outside that group." *Hallmark Developers, Inc. v. Fulton Cty., Ga.*, 466 F.3d 1276, 1286 (11th Cir. 2006). The Supreme Court found disparate impact claims cognizable under the Fair Housing Act in *Tex. Dept. of Hous. & Cmty. Affairs v. Inclusive*

*Cmtys. Project, Inc.*, 576 U.S. 519 (2015) ("*Inclusive Communities*").  To state such a claim, a complaint must:

> (1) show statistically imbalanced lending patterns which adversely impact a minority group; (2) identify a facially neutral policy used by Defendants; (3) alleged that such a policy was "artificial, arbitrary, and unnecessary;" and (4) provide factual allegations that meet the "robust causality requirement" linking the challenged neutral policy to a specific adverse racial or ethnic disparity.

*City of Miami v. Bank of America Corp.*, 171 F. Supp.3d 1314, 1320 (S.D. Fla. 2016).

Plaintiff's Complaint fails to satisfy the "robust causality" requirement for a disparate impact claim.  "A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact."  *Inclusive Cmtys.*, 576 U.S. at 543.  Plaintiff's broad references to "recent data, studies and HUD findings" are insufficient.  Since Plaintiff failed to state a prima facie case of disparate impact under the *Inclusive Communities* standard, Plaintiff's claim should therefore be dismissed.

WHEREFORE, for the reasons set forth above, Defendant respectfully requests this Court grant its Motion to Dismiss pursuant to Rule 12(b)(6).

Dated: January 12, 2021

                                                Respectfully submitted,

                                                */s/ Sarah M. Papadelias*
                                                Frank H. Gassler, Esq.
                                                Florida Bar Number: 0218677
                                                service-fgassler@bankerlopez.com
                                                Sarah M. Papadelias, Esq.
                                                Florida Bar Number: 0125098
                                                service-spapadelias@bankerlopez.com
                                                BANKER LOPEZ GASSLER P.A.
                                                501 E. Kennedy Blvd., Suite 1700

Tampa, FL 33602
Phone: (813) 347-4018
Fax: (813) 222-3066
*Attorneys for Defendant WHIDDON AND COMPANY, INC., doing business as BETTER HOMES AND GARDENS REAL ESTATE FLORIDA 1ST*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court on January 12, 2021, which sent e-mail notification of such filing to all CM/ECF participants.

*/s/ Sarah M. Papadelias*
Frank H. Gassler, Esq.
Florida Bar Number: 0218677
service-fgassler@bankerlopez.com
Sarah M. Papadelias, Esq.
Florida Bar Number: 0125098
service-spapadelias@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Phone: (813) 347-4018
Fax: (813) 222-3066
*Attorneys for Defendant WHIDDON AND COMPANY, INC., doing business as BETTER HOMES AND GARDENS REAL ESTATE FLORIDA 1ST*